**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| CRAIG FRANCIS SZEMPLE, | Civil Action No. 10-5445 (PGS) |
| Plaintiff, |  |
|  | **O P I N I O N** |
| v. |  |
| UMDNJ, et al., |  |
| Defendants. |  |

SHERIDAN, U.S.D.J.

Plaintiff Craig Francis Szemple, a prisoner at the Northern State Prison, Newark, New Jersey, has submitted a <u>pro se</u> complaint alleging violations of his civil rights. Plaintiff paid the filing fee.[1] At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915A, to determine if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

### BACKGROUND

Plaintiff has been incarcerated since 1994. He suffers numerous medical problems. In December 2009, he entered the East Jersey State Prison ("EJSP"), and states that his medical

---

[1] This case was previously administratively terminated for failure to pay the filing fee (docket entry 3). On July 8, 2011, the case was reopened after Plaintiff paid the filing fee, and on November 30, 2011, the case was reassigned to the undersigned (docket entry 7).

conditions have deteriorated to the point where he suffers extreme pain and loss of limb joints.

Prior to his admission to EJSP, Plaintiff had various MRIs and other medical treatment which showed severe degenerative disk disease. His health has been in a steady decline since 2006. (Complt., ¶¶ 16-21). He was seen by a pain management doctor, who prescribed him medications. Currently however, since defendant UMDNJ has taken over medical services for the Department of Corrections, Plaintiff complains that he has not been treated for his conditions. For example, he is not housed with a special mattress for his back issues, and has been denied pain medication. Further, although total knee replacement surgery has been recommended, Plaintiff has not received such treatment. (Complt., ¶¶ 24-28).

Plaintiff asserts that he is being denied treatment because of his litigation history. His condition continues to deteriorate, while medical recommendations are being ignored. (Complt., ¶¶ 43-47). Plaintiff also attributes the lack of care to Department of Corrections policy stating that Plaintiff cannot receive pain medication unless he is in the infirmary, in "conditions of solitary confinement." (Complt., ¶¶ 51-53).

Plaintiff asserts federal and state claims and requests damages.

**DISCUSSION**

**A.   Legal Standard**

   **1.   Standards for a *Sua Sponte* Dismissal**

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915A because Plaintiff is a prisoner.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 556 U.S. 662 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(citing Iqbal, 129 S. Ct. at 1948).

The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. See Iqbal, 129 S. Ct. at 1949-50. See also Twombly, 505 U.S. at 555, & n.3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).

### 2. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

### B. Plaintiff's Claims

#### 1. Defendant Department of Corrections

Plaintiff names the Department of Corrections ("DOC") as a defendant. However, the DOC must be dismissed from this action pursuant to the Eleventh Amendment. The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit

5

in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. See Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984). Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Section 1983 does not override a state's Eleventh Amendment immunity. See Quern v. Jordan, 440 U.S. 332 (1979).

Additionally, the DOC must be dismissed from this lawsuit because it is not a "person" subject to liability under § 1983. See Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a person under § 1983). Therefore, all claims against the DOC will be dismissed with prejudice.

    **2.    Defendants Lanigan and Mee**

Further, it appears that Plaintiff is asserting a claim of

liability against Commissioner Lanigan and Administrator Mee on the sole basis that they are supervisors of the East Jersey State Prison, where the events alleged took place. The complaint fails to allege any facts in support of a claim based on supervisor liability. Accordingly, the complaint should be dismissed as against defendants Lanigan and Mee pursuant to Iqbal.

As a general rule, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. See Iqbal, 129 S. Ct. at 1948; Monell v. New York City Dept. Of Social Servs., 436 U.S. 658, 691 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983); Robertson v. Sichel, 127 U.S. 507, 515-16 (1888) ("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of subagents or servants or other persons properly employed by or under him, in discharge of his official duties"). In Iqbal, the Supreme Court held that "[b]ecause vicarious or supervisor liability is inapplicable to Bivens[2] and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S.Ct. at 1948. Thus, each government official is liable only for his or her own conduct. The Court rejected the contention that

---

[2] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

supervisor liability can be imposed where the official had only "knowledge" or "acquiesced" in their subordinates conduct. See id., 129 S. Ct. at 1949.

Here, there are no allegations of any wrongful conduct with respect to defendants Lanigan and Mee, other than in their capacities as Commissioner of the DOC, and as Administrator at East Jersey State Prison, respectively. Accordingly, any § 1983 claims must be dismissed as against these defendants.

### 3. Remaining Claims

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976); Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999); Afdahl v. Cancellieri, 2012 WL 593275 (3d Cir. Feb. 24, 2012). In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. See Estelle, 429 U.S. at 106; Natale v. Camden County Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003).

Here, Plaintiff's allegations against the remaining defendants are sufficient to pass sua sponte screening. Plaintiff's complaints that his pain medication has been ceased, and that in order to receive pain medication, he must agree to "their new conditions of solitary confinement in the infirmary,"

along with his claims that he is being withheld treatment because of his litigation history, warrant further litigation.

### 4. Request for Counsel (docket entry 4)

Plaintiff requests counsel based on the fact that he is indigent, because he will need experts to testify, and because he is not versed in the law.

As for the request for counsel, appointment of counsel under 28 U.S.C. § 1915(e)(1) may be made at any point in the litigation and may be made by the Court *sua sponte*.[3] See Tabron v. Grace, 6 F.3d 147, 156 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994). The plaintiff has no right to counsel in a civil case. See id. at 153-54; Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).

In evaluating a motion to appoint counsel, the court must first examine the merits of Plaintiff's claim to determine if it has "some arguable merit in fact and law." See Tunnell v. Gardell, 2003 WL 1463394 at * 1 (D. Del. Mar. 14, 2003)(Slip Copy)(citing Parham, 126 F.3d at 457)(other citations omitted). If the court is satisfied that the claim is "factually and legally meritorious," then the following factors must be examined: (1) a plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to

---

[3] The Court notes that although Plaintiff was required to pay the filing fee in this case, due to his having acquired "three strikes" under 28 U.S.C. § 1915(g). Plaintiff has submitted an certification of poverty (docket entry 1-1).

9

which factual investigation will be necessary and the ability of a plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether a plaintiff can attain and afford counsel on his or her own behalf.  See id. (citing Parham, 126 F.3d at 457-58; Tabron, 6 F.3d at 155-56, 157 n.5).

However, a court should also consider other factors, such as the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do pro bono work, and the value of lawyers' time.  See Tabron, 6 F.3d at 157-58.

In the instant case, Plaintiff's complaint was reopened and defendants have not yet been served.  Further, whether or not the Plaintiff's claims have merit, the factual and legal issues "have not been tested or developed by the general course of litigation, making [a number of factors] of Parham's test particularly difficult to evaluate."  Chatterjee v. Philadelphia Federation of Teachers, 2000 WL 1022979 at *1 (E.D. Pa. July 18, 2000)(stating that unlike Parham, which concerned a directed verdict ruling, and Tabron, which involved summary judgment adjudication, plaintiff's claims asserted in complaint and motions "have barely been articulated" and have distinctive procedural posture).

With regard to the Tabron/Parham factors, Plaintiff has not demonstrated at this stage of proceedings, the complexity of legal issues, the degree to which factual investigation will be

10

necessary, or that he will be in need of expert witnesses. Plaintiff has presented to this Court without the assistance of counsel a coherent complaint asserting various points of law, and the instant motion for appointment of counsel.

The Court recognizes that issues may arise in the course of this litigation which may raise a question as to Plaintiff's need for counsel.  In that case, the Court will consider a renewed motion for appointment of counsel.  At this point in the litigation, however, the Plaintiff's application for appointment of counsel will be denied, without prejudice.

## **CONCLUSION**

Based on the foregoing, Plaintiff's complaint will be permitted to proceed against certain defendants.  Defendants Department of Corrections, Lanigan, and Mee, will be dismissed from this action.  Plaintiff's request for counsel (docket entry 4), is denied, without prejudice.

An appropriate Order follows.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

May 4, 2012